Compiler

FILED
SUPERIOR COURT
OF GUAM

'__ __ 22  __ 2: 37

__ __ COURT

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | ) CRIMINAL CASE NO. CF0338-07 |
| | ) |
| | ) |
| | ) |
| vs. | ) |
| | ) **Findings of Fact and Conclusions of Law** |
| | ) **RE: Restitution** |
| | ) |
| ROBERT CRUZ SAN NICOLAS, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

### INTRODUCTION

This matter comes before the Honorable Anita A. Sukola in regards to Proposed Findings of Fact and Conclusions of Law. Attorney Shane F.T. Black submitted a Proposal on behalf of the People of Guam ("the People"). Attorney Ana Maria C. Gayle submitted a Proposal on behalf of Robert Cruz San Nicolas ("Defendant"). Upon review of the written arguments and legal authorities presented by both attorneys, the court hereby issues this Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

1. On July 15, 2007, Joseph Salas San Nicolas ("the victim") was struck by a vehicle driven by the Defendant in front of his house.

The People of Guam vs. Robert Cruz San Nicolas CF0338-08
Decision and Order – Findings of Fact and Conclusion of Law

Page 1 of 3

2. On October 17, 2007, the Defendant entered a guilty plea to Driving While Under the Influence of Alcohol (as a Misdemeanor) and Reckless Driving (as a Misdemeanor), which required that the Defendant be liable for full restitution to the victim.

3. The victim was brought to Naval Hospital for the injuries sustained from accident immediately after the incident, which include, among other things, injury to his leg.

4. The victim was not on active duty at the time of the accident and was not covered for treatment given for injuries sustained for the crash by Naval Hospital.

5. On March 3, 2008, a partial judgment was entered for restitution in the amount of $11, 842.71 based on bills incurred form the Department of the Navy for treatment of injuries sustained from the accident by Naval Hospital.

6. The victim was forced to seek medical attention for lingering pain and complications resulting from the accident and applied for Medicaid to do so.

7. The victim was able to receive further treatment for his injuries through Dr. Rudolfo Silan who ordered an MRI be conducted on the victim's knee. Dr. Silan then referred the victim to a bone specialist to look at his knee.

8. Specialized treatment was given to the victim through Hafa Adai Specialist Group, which include cost relating to surgery and subsequent physical therapy.

9. Billing information for the treatment received resulting form injury sustained form the accident was submitted by Medicaid.

10. The total amount incurred for medical treatment by the victim for injuries suffered by the Defendant's actions is $9,831.50.

11. The amount paid out by Medicaid for treatment of the victim is $5,034.94.

12. The victim was therefore required to pay $4,796.56 out of his own pocket, which is the difference between the two aforementioned amounts.

13. Therefore, the amount to be paid by the Defendant in restitution to the victim is $4,796.56.

## CONCLUSIONS OF LAW

The Defendant agreed to be held liable for full restitution to the victim pursuant to the terms of the plea agreement. Paragraph 4(C) of the plea agreement and Paragraph C of the Judgment require that the Defendant pay restitution to the victim. Paragraph 4(C) also states that the amount is to be determined at a restitution hearing. Although the Court rendered a Restitution Order for expenses incurred to the victim at Naval Hospital, the testimony of Dr. Silan show the victim had further expenses because of the Defendant's actions.

9 G.C.A. C. 80 states that restitution is necessary when it would act as a deterrent and a correcting influence on the Defendant. See 9 G.C.A. § 80.52(b)(2). By changing his plea the Defendant essentially admitted to his actions against the victim. Thus, the Defendant is responsible for losses incurred by the victim, which is $4,796.56.

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court **ORDERS** that the Defendant must pay restitution to the victim in the amount of $4,796.56.

It is **SO ORDERED** this _22_ day of _July_ 2009.

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam Dated at Hagatna, Guam

JUL 2 2 2009

_____
HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

The People of Guam vs. Robert Cruz San Nicolas CF0338-08
Decision and Order – Findings of Fact and Conclusion of Law

Page 3 of 3